E-FILED
Friday, 23 December, 2005 11:39:31 AM
Clerk, U.S. District Court, ILCD

12489

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between __Abtsco, Inc__ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, as as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 4.00 | per hour to Central Laborers' Pension Fund | | per hour to Industry Advancement Fund |
| 3.15 | per hour to Central Laborers' Welfare Fund | .15 | Working Dues (% or cents per hour) |
| 2.00 | per hour to Central Laborers' Annuity Fund | .40 | LECT |
| .30 | per hour to Illinois Laborers' and Contractors' Training Trust Fund | .05 | Other  L P L |
| .10 | MRTC  SICAP | | Other |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| A BALECO, INC | |
| Name of Business | Authorized Signature |
| 2473 SO. Veterans Pkwy. #PMB 104 | Executive Administrator |
| Address | Title |
| Springfield, IL 62704-/1402 | |
| City/State/Zip Code | UNION |
| Telephone | Territory in which Agreement signed: Local 338 |
| 217-498-6760 | |
| Authorized Signature  Carol W. Wamto | Authorized Signature |
| Title  Superintendent | Title  Asst Bus Mgr / Sec Trea |
| Date  10/1/02 | Date  10-01-02 |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

EXHIBIT
A

E-FILED
Friday, 23 December, 2005  11:39:50 AM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

# AND

# DECLARATION OF TRUST

# OF THE

# CENTRAL LABORERS'

# PENSION FUND

EXHIBIT

B

selection within thirty (30) days, shall jointly petition the Circuit Court of Morgan County, Illinois, for the selection of the third arbitrator by a judge of said Court.

(b)    The questions for the arbitrators shall be whether, in the particular instance, the Claim Committee (1) was in error upon an issue of law, (2) acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

(c)    The decision in writing of any two arbitrators shall be final and binding upon the Claimant and the Trustees. The procedures specified in this Section shall be the sole and exclusive procedures available to a Claimant.

(d)    The arbitration shall be conducted in Morgan County, Illinois, in accordance with the usual rules governing procedure and admission of evidence in Courts of law in said County and State.

(e)    Each party to the arbitration shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.

## ARTICLE VI

## CONTRIBUTIONS TO THE FUND

**Section 1. BASIS OF CONTRIBUTIONS TO PLAN.** In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geographical area in which the covered Employees perform work. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

**Section 2. EFFECTIVE DATE OF CONTRIBUTIONS.** All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

### Section 3. REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS.

The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 hereinbelow, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

### Section 4. BOND OR DEPOSIT.

The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand Dollars ($5,000.00), nor more than Fifteen Thousand Dollars ($15,000.00) or an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees, whichever is greater, secured by a corporate surety.

### Section 5. MODE OF PAYMENT.

All contributions shall be due and payable on the

21

fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

Section 6. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

Section 7. LIQUIDATED DAMAGES. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, waiving the necessity of any additional proof thereof.

Section 8. INTEREST. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

Section 9. COLLECTION COSTS. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were

22

intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

<u>Section 11. REFUND OF CONTRIBUTION</u>.  Upon application by the payor, the Fund may refund to the payor contributions it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonably foreseeable liability on the part of the Fund.

## ARTICLE VII

## PLAN OF BENEFITS

<u>Section 1. BENEFITS</u>.  The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that the Trustees shall exercise such authority within the limits and in accordance with the requirements of Title I, Subtitle B, Part 2, or any other applicable provisions of ERISA and any applicable rules and regulations promulgated pursuant thereto.

The Board of Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation; condition of eligibility for Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any employee.

<u>Section 2. RECIPIENT OF BENEFITS</u>.  Benefits may be provided in accordance with Section 1 of this Article only for Employees (as defined in ARTICLE I, Section 2, of this Agreement), their families and/or dependents.

<u>Section 3. ELIGIBILITY REQUIREMENT FOR BENEFITS</u>.  The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their dependents.

<u>Section 4. BASIS OF PROVIDING BENEFITS</u>.  Benefits shall be provided and

**E-FILED**
Friday, 23 December, 2005  11:40:07 AM
Clerk, U.S. District Court, ILCD

AGREEMENT AND DECLARATION OF TRUST

ESTABLISHING

CENTRAL LABORERS' WELFARE FUND



EXHIBIT

C

determined from time to time by the Trustees. Each such employee employed by the Trustees who may be engaged in handling moneys of the Fund shall also be bonded by a duly authorized surety company in the same manner. The cost of the premiums on such bonds shall be paid out of the Fund.

### ARTICLE V

### CONTRIBUTIONS TO THE FUND

Section 1. RATE OF CONTRIBUTIONS. In order to effectuate the purposes hereof, each Employer shall contribute to the Fund the amount required by the Collective Bargaining Agreement between the Local Union and the Employer. The rate of contribution shall at all times be governed by the aforesaid Collective Bargaining Agreement then in force and effect, together with any amendments, supplements or modifications thereto.

Section 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the Collective Bargaining Agreement and shall continue to be paid as long as the Employer is so obligated, pursuant to the Collective Bargaining Agreement with the Local Union or until he ceases to be an Employer within the meaning of this Agreement and Declaration of Trust, as hereinafter provided.

Section 3. MODE OF PAYMENT. In order to carry out and effectuate the purposes hereof, the Trustees shall have the power to specify the exact time and manner in which the payment of Employer contributions to the Fund are to be made, and these provisions shall be deemed incorporated in the Collective Bargaining Agreements of the respective Employers.

--12--

Section 4. COLLECTION OF CONTRIBUTIONS. The Trustees shall have the power to demand, collect and receive Employer contributions and may take such steps, including the institution and prosecution of or the intervention in any proceedings of law, in equity or in bankruptcy, as may be necessary or desirable to effectuate the collection of such Employer contributions. The Trustees may require any Employer, prior to employment of any employee, to deposit with the Trustees in cash, or by certified check payable to the Trust Fund hereby established, the sum of Twenty-five Dollars ($25.00) for each employee to be employed by said Employer. Deposit will be refunded upon complete and final payment of all Trust Fund contributions due from such Employer.

Section 5. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the moneys due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

--13--

Section 6. REPORT ON CONTRIBUTION. The Employers shall make reports of the name, hours worked, and social security number for each employee for which contributions are made in accordance with the direction of the Trustees. The Trustees may at any time have an audit made by independent certified public accountants of the payroll and wage records of any Employer in connection with the said contributions and/or reports. The Trustees through authorized representatives also shall have the right to inspect, and examine all employment records of any Employer upon demand.

### ARTICLE VI

### PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority to determine all questions of nature, amount and duration of benefits to be provided, based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that no benefits other than welfare benefits may be provided for or paid under this Agreement and Declaration of Trust.

Section 2. RECIPIENTS OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article for any employee of a contributing Employer covered by a Collective Bargaining Agreement between the Employer and the Local Union.

Section 3. ELIGIBILITY REQUIREMENTS FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits

—14—

**E-FILED**
Friday, 23 December, 2005  11:40:25 AM
Clerk, U.S. District Court, ILCD

# RESTATED DECLARATION OF TRUST

# ESTABLISHING

# ILLINOIS LABORERS' AND CONTRACTORS'

# TRAINING TRUST FUND

September 26, 1995

EXHIBIT

D

## CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligations shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Fund for the payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each individual Employer only shall be responsible for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. Under no cicumstances shall the Association or any other employers association or groups be responsible for contributions, payments or other obligations of

15

(d) <u>Work Outside Jurisdiction.</u> In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

<u>Section 4.2 Receipt of Payment and Other Property of Trust.</u> The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

<u>Section 4.3 Collection and Enforcement of Payments.</u> The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

<u>Section 4.4 Production of Records.</u> Each Employer shall promptly furnish to the

16

Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5    The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, attorney's fees, filing fees and costs of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 4.6    Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

17

E-FILED
Friday, 23 December, 2005  11:40:40 AM
Clerk, U.S. District Court, ILCD

RESTATED AGREEMENT

AND

DECLARATION OF TRUST

OF THE

LABORERS' AND EMPLOYERS'
COOPERATIVE TRUST
OF ILLINOIS

EXHIBIT

E

## ARTICLE VII

### Participation and Contributions

7.01. **PARTICIPATION:** Participation in the Trust shall be open to all employers in the Industry in Illinois which employ laborers represented by LIUNA, District Councils or the Local Unions, and to associations of such employers; subject to the absolute discretion of the Board of Trustees to accept, reject or expel from participation in the Trust. The Board is empowered to condition participation on execution of such participation agreements or forms as the Board may promulgate, and on such other conditions as the Board deems necessary or appropriate. A participant may terminate its participation in the Trust by submitting a written notice of such action to the Board at any time, except to the extent that the participant is bound by a collective bargaining agreement, a participation agreement, or some other agreement requiring participation in the Trust. Termination of participation shall not excuse any Employer from indebtedness to the Trust for all contributions and other payments due for the period before the effective date of the termination. The Board is empowered to deem the purported termination of an Employer ineffective until such time as all indebtedness to the Trust by the Employer is satisfied.

7.02. **CONTRIBUTIONS:** The primary source of funding for the Trust shall be collectively-bargained Employer contributions. Each Employer shall contribute to the Trust in such amounts as set forth in its collective bargaining agreement with LIUNA, the District Councils, or a Local Union, or as set forth in some other written agreement authorized by the Board of Trustees. The financial responsibility of an Employer to the Trust shall be limited to making such contributions and to any default payments required by this Article, and no Employer shall be liable for contributions owed by another, separate Employer. Contributions shall be paid to the Trust in such manner and

20

at such times as the Board of Trustees shall determine. For administrative convenience, the Board may enter into arrangements with employee benefit plans sponsored by LIUNA, the District Councils or Local Unions for joint collection of Employer contributions.

7.03. **DEFAULT IN PAYMENT:** Employers which fail to pay the contributions or other payments owed the Trust when due may be expelled, at the Board's discretion, from participation in the Trust. In addition to any other remedies to which the Trust or the Board of Trustees is entitled, any Employer which fails to pay contributions or other payments owed within thirty (30) days of when due shall be liable to the Trust for interest at the rate of one-and-one-half percent (1½%) per month (or, if lower, the highest rate of interest permitted by applicable law) from the due date through the date of payment, as well as for all expenses of collection incurred by the Trust, including attorneys' fees and court costs. The Board is empowered to institute proceedings at law or equity, and to take any other lawful action, to collect contributions and otherwise enforce an Employer's obligations. The Board shall be entitled to institute collection and enforcement proceedings in court or otherwise without regard to any grievance or arbitration procedure set forth in any collective bargaining agreement or other agreement. The Board shall be entitled to assert all applicable liens, claims and priorities available under federal or state law against an Employer to secure payment of amounts owed. It is specifically agreed and understood that the Trustees are authorized to contract with any other fund or funds for auditing and collection of delinquent contributions and that the District Councils, unions, associations, contributing and signatory employers acknowledge, agree and understand that the fund procedures of the collecting fund shall be utilized and followed.

7.04. **CONTRIBUTION REPORT:** Employers shall submit to the Trust such written reports or documents as the Board of Trustees may deem necessary or appropriate to collect and

21

substantiate contributions.

7.05. **AUDITS:** Employers, at the request of the Board of Trustees, shall submit to an audit by a certified public accountant or accountancy firm of the appropriate records of the Employer to verify that the correct amount of contributions or of other payments due has been or will be paid and for no other purpose.

## ARTICLE VIII

### Amendment and Termination

8.01. **AMENDMENT BY BOARD:** This Trust Agreement may be amended, in whole or in part, at any time by the Board of Trustees by a duly executed written instrument; provided that no amendment shall violate applicable law or alter the fundamental purpose of the Trust; and provided further that no amendment shall permit the net earnings of the Trust to inure to the benefit of LIUNA, any Local Union, the District Councils affiliated with the Midwest Region, any Employer, or any other individual or entity, except to the extent permitted by applicable law, including the applicable provisions of the Internal Revenue Code. Any such amendment shall be deemed as part of this Trust Agreement and shall be binding on the Board, LIUNA, the Local Unions, the District Councils affiliated with the Midwest Region, the Employers and all other parties dealing with the Trust. The Board is empowered to fix such effective date for an amendment as it deems necessary or appropriate.

8.02. **TERMINATION OF TRUST:** This Trust Agreement and the Trust may be terminated at any time by the Board of Trustees; provided that such action shall be confirmed by a duly executed written instrument; and provided further that no termination by the Board shall be effective until written notice is delivered to LIUNA's Regional Manager and to the Associations

22

**E-FILED**
Friday, 23 December, 2005  11:41:07 AM
Clerk, U.S. District Court, ILCD

Revised 11/22/05

Abateco, Inc.
2743 S. Veterans Parkway, PMB
Springfield, IL  62704-6402

## Audit Liabilities Due: (10/01/02-12/31/04)

| | | |
|---|---:|---:|
| Pension | $11,774.13 | |
| L. 397 Pension | $163.54 | |
| Welfare | 9,956.86 | |
| Rtre Welfare | 705.21 | |
| L. 397 Welfare | 150.67 | |
| SI Welfare | 134.60 | |
| Annuity | 3,601.94 | |
| Training | 2,073.97 | |
| SW LECET | 420.10 | |
| SW LPL | 52.53 | |
| SW Check Off | 157.54 | |
| CIBIAF | 219.51 | |
| CI LECET | 473.44 | |
| CI MRFFC | 182.95 | |
| SC Vacation | 1,097.55 | |
| CI Check Off | 5.20 | |
| Work Dues | 2,550.28 | |
| CI Legal | 544.85 | |
| Sub Total | $34,264.87 | |
| Liquidated Damages | 3,426.49 | |
| Audit Cost | 775.00 | |
| Total Due | $38,466.36 | |
| Pmt Rec'd 5/11/05 | (10,000.00) | |
| | $28,466.36 | $28,466.36 |

## Liquidated Damages Assessments

| | | | |
|---|---|---:|---:|
| Aug-03 | Local 703 | $100.03 | |
| May-05 | Local 477 | $86.47 | |
| Total | | $186.50 | |
| Payment Rec'd | | ($100.03) | |
| Payment Rec'd | | ($86.47) | |
| | | $0.00 | $0.00 |



EXHIBIT
F

Report Form Shortages

| | | | |
|---|---|---|---|
| Nov-02 | Local 159 | $3.12 | |
| Total | | $3.12 | |
| Payment Rec'd | | ($3.12) | |
| | | $0.00 | $0.00 |

| | |
|---|---|
| Grand Total Due | $28,466.36 |



# Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

November 30, 2005

Ms. Tami Williams
Cavanagh & O'Hara
407 E. Adams Street
PO Box 5043
Springfield, IL 62705

     RE: Central Laborers' vs. Abateco, Inc.

Dear Ms. Williams:

     Enclosed please find a revised breakdown and backup material relative to the aforementioned contractor. This office is in receipt of payment for May 2005, Local #477 Liquidated Damages. The revised breakdown reflects these changes.

     Should you have any questions, please call me at this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/pl

Enclosures



ROMOLO
ASSOCIATES
Certified Public Accountants

2428 N. North • Peoria, IL 61604
E-mail: admin@romolocpa.com • Phone 309.682.2001 • Fax 309.682.2045

## *Independent Accountants' Report On Applying Agreed-Upon Procedures*

To the Delinquency Committee
of Central Laborers' Pension,
Welfare and Annuity Funds
Jacksonville, Illinois

At your request we have applied certain agreed upon procedures specified by Central Laborers' Fringe Benefit
Funds as described in the attached supplement, to the selected payroll and related records of Abateco Inc. (the
Employer) who has agreed to submit their records for the period October 1, 2002 to July 31, 2004. These
procedures were designed to determine if the data submitted by the Employer is in compliance with the
reporting provisions of the Central Laborers' Pension, Welfare and Annuity Funds Trust Agreements. This
engagement to apply agreed-upon procedures was performed in accordance with standards established by the
American Institute of Certified Public Accountants. The sufficiency of the procedures is solely the
responsibility of the specified users of the report. Consequently, we make no representation generally regarding
the sufficiency of the procedures described in the attached supplement either for the purpose for which this
report has been requested or for any other purpose.

Because the procedures described in the supplement do not constitute an audit made in accordance with
generally accepted auditing standards, we do not express an opinion on any of the accounts or items referred to
in this report.

In connection with the above procedures, certain matters came to our attention that caused us to believe that
additional Employer contributions, as shown in the summary of amounts due, were due to the Funds in the
amount of $34,248.87.

In addition, the accompanying notes herein identify any special circumstances, which we believe the Trustees
should consider in evaluating this report. These notes are an integral part of this report and should be reviewed
to completely understand this report.

Had we performed additional procedures or had we performed an audit of the financial statements in accordance
with generally accepted auditing standards, other matters might have come to our attention that would have
been reported to you. This report relates only to the items specified above and does not extend to any financial
statements of the Employer taken as a whole.

This report is intended solely for the information of the Employer and the Central Laborers' Pension, Welfare
and Annuity Funds and should not be used by those who have not agreed to the procedures and taken
responsibility for the sufficiency of the procedures for their purposes.

*Romolo & Associates*

Romolo & Associates
Certified Public Accountants
February 26, 2005

## SUPPLEMENT FOR AGREED UPON PROCEDURES

1. Obtained a basic understanding of the Employer's payroll and fringe benefit reporting system.

2. Obtained access to some or all of the following accounting records from the Employer:

   * Weekly payroll
   * Individual earnings records
   * State unemployment tax Forms, UC-3s
   * Federal payroll tax Forms 941s, 940s, and/or W-2s
   * Other trades fringe benefit reports
   * The monthly remittance reports for your Fund
   * Job cost records

3. To determine that we were provided with the entire payroll we performed the following procedure:

   * Agreed gross wages per the Employer's payroll records to its payroll tax returns on a test basis.

4. In order to determine that all hours for covered work were properly reported to the Funds we performed the following test procedures:

   * Determined classifications of employees and union affiliation.
   * Compared hours worked by covered employees to the hours reported on the Employer's monthly remittance reports.
   * Reported all hours as due for employees whose occupation could not be determined.

5. Reviewed findings with Employer at conclusion of procedures and discussed possible delinquencies.

(Please see Notes for any scope limitation on the above procedures or additional procedures performed not described above.)

## ABATECO INC.
## NOTES TO AGREED UPON PROCEDURES
## OCTOBER 1, 2002 TO JULY 31, 2004

**NOTE 1:**   **SUPERVISOR**

David Hunter (SSN: 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) is a laborer for Abateco Inc. According to the Employer he worked as a supervisor beginning in 2003 through 2004. No documentation was provided to the Field Examiner indicating that this individual was a supervisor other than a handwritten note. Due to the lack of provided documentation, David Hunter's hours not reported to the Fund are shown as due herein.

**NOTE 2:**   **REPORTING ERROR**

The Employer reported 374.5 hours for David Hunter in the of month of January 2003. These hours could not be verified in pay records nor any other record provided by the Employer. The Employer supplied a journal with net wages and hours that were handwritten next to the employee's names. Accuracy of theses records could not be determined due to the poor quality of the records. Quarterly report forms (UC-3/40) were obtained and the wages listed on the forms were divided by the appropriate rate in effect at the time. These hours are shown as due herein to the Fund.

**NOTE 3:**   **INSULATORS**

Several individuals were employed by the Employer as Insulators. No union report forms were provided to verify if these individuals had ever been reported. A phone call was made to the Insulators Fund in Missouri. The Fund stated they had received reports from this Employer. Per instructions from the Central Laborers Pension Welfare and Annuity Fund, no hours are shown as due for these individuals.

| Abateco | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **TOTAL SUMMARY OF AMOUNTS DUE** | | | | | | | | |
| **October 1, 2002 to December 31, 2004** | | | | | | | | |
| | | | | | **2002** | **2003** | **2004** | **TOTAL** |
| Pension | $ - | $ - | $ - | | $ 256.09 | $ 7,515.00 | $ 4,003.13 | $ 11,774.13 |
| Welfare | - | - | - | | 141.00 | 6,324.76 | 3,490.50 | 9,956.84 |
| SI Welfare | - | - | - | | 53.60 | - | 81.00 | 134.00 |
| Annuity | - | - | - | | 128.00 | 2,565.49 | 908.45 | 3,601.94 |
| Training | - | - | - | | 30.23 | 683.99 | 1359.75 | 2073.97 |
| SW Lecet | - | - | - | | 40.30 | 249.60 | 130.20 | 420.10 |
| SW LPL | - | - | - | | 5.04 | 31.21 | 16.28 | 52.53 |
| SW Check Off | - | - | - | | 15.11 | 93.61 | 48.82 | 157.54 |
| RTRE Welfare | - | - | - | | 9.60 | 496.11 | 199.50 | 705.21 |
| CIBIAF | - | - | - | | - | 150.57 | 68.94 | 219.51 |
| CI Lecet | - | - | - | | - | 313.69 | 159.75 | 473.44 |
| CI MRFFC | - | - | - | | - | 125.50 | 57.45 | 182.95 |
| SC Vacation | - | - | - | | - | 752.85 | 344.70 | 1,097.55 |
| CI Check Off | - | - | - | | - | - | 5.20 | 5.20 |
| CI Work Dues | - | - | - | | - | 1,754.10 | 786.10 | 2,540.20 |
| Working Dues | - | - | - | | - | - | 10.08 | 10.08 |
| CI Legal | - | - | - | | - | 376.40 | 168.45 | 544.85 |
| **TOTAL DUE** | $ - | $ - | $ - | | $ 993.69 | $ 21,432.88 | $ 11,838.30 | $ 34,264.87 |

Pension c.397
whelfare c.397

103.54
150.07

103.54
150.07

| | | | | | | Abateco | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | SUMMARY OF AMOUNTS DUE - LOCAL | | | 179 | | | | | | |
| | | | October 1, 2002 to December 31, 2004 | | | | | | | | |
| | | | | | 2002 | 2003 | 2004 | TOTAL | | | |
| Pension | | | | | $ 64.00 | | $ 80.00 | $ 144.00 | | | |
| Welfare | | | | | | | | $ - | | | |
| SI Welfare | | | | | 53.60 | | $1.00 | $ 134.60 | | | |
| Annuity | | | | | 32.00 | | 40.00 | $ 72.00 | | | |
| Training | | | | | 4.80 | | 8.00 | $ 12.80 | | | |
| SW Lecet | | | | | 6.40 | | 8.00 | $ 14.40 | | | |
| SW LPL | | | | | 0.80 | | 1.00 | $ 1.80 | | | |
| SW Check Off | | | | | 2.40 | | 3.00 | $ 5.40 | | | |
| TOTAL DUE | $ - | $ - | $ - | | $ 164.00 | $ - | $ 221.00 | $ 385.00 | | | |

**E-FILED**
Friday, 23 December, 2005  11:44:13 AM
Clerk, U.S. District Court, ILCD

## Abateco
### Unreported Regular Hours
### For period 1/1/2002 - 12/31/2002
#### Local: 179

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **SVETLIK, THOMAS** <br> 336444289 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 16.00 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 16.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $64.00 | $64.00 |
| SI WELFARE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $53.60 | $53.60 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4.80 | $4.80 |
| ANNUITY | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $32.00 | $32.00 |
| SW LECET | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6.40 | $6.40 |
| SW LPL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.80 | $0.80 |
| SW CHECK OFF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 | $2.40 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $164.00 | $164.00 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| SI WELFARE | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 3.350 | 3.350 | 3.350 | 3.350 | 3.350 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| ANNUITY | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | |
| SW LECET | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| SW LPL | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| SW CHECK OFF | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | |

# Abateco
## Unreported Regular Hours
### For period 1/1/2004 - 12/31/2004
#### Local: 179

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **FURLOW, NEAL** 000000001 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $80.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $80.00 |
| SI WELFARE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $67.00 *81.00* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $67.00 *81.00* |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6.00 *8.00* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 *8.00* |
| ANNUITY | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $40.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $40.00 |
| SW LECET | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| SW LPL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1.00 |
| SW CHECK OFF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.00 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $205.00 *221.00* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $205.00 *221.00* |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| SI WELFARE | 3.350 | 3.350 | 3.350 | 3.350 | 3.350 | 3.350 | 3.350 *4.05* | 3.350 | 3.350 | 3.350 | 3.350 | 3.350 | |
| TRAINING | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 *.40* | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| ANNUITY | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | |
| SW LECET | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| SW LPL | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| SW CHECK OFF | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | |

| | | | | | 2002 | 2003 | 2004 | TOTAL | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | Abateco | | | | | | | | |
| | | SUMMARY OF AMOUNTS DUE - LOCAL 338 | | | | | | | | | |
| | | | October 1, 2002 to December 31, 2004 | | | | | | | | |
| | | | | | 2002 | 2003 | 2004 | TOTAL | | | |
| Pension | | | | | $192.00 | $2,496.00 | $1,222.00 | $ 3,910.00 | | | |
| Welfare | | | | | 141.60 | 1,840.81 | 1,099.80 | $ 3,082.21 | | | |
| SI Welfare | | | | | | | | $ - | | | |
| Annuity | | | | | 96.00 | 1,248.00 | 611.00 | $ 1,955.00 | | | |
| Training | | | | | 14.40 | 187.20 | 122.20 | $ 323.80 | | | |
| SW Lecet | | | | | 19.20 | 249.60 | 122.20 | $ 391.00 | | | |
| SW LPL | | | | | 2.40 | 31.21 | 15.28 | $ 48.89 | | | |
| SW Check Off | | | | | 7.20 | 93.61 | 45.82 | $ 146.63 | | | |
| RTRE Welfare | | | | | 9.60 | 124.80 | 91.65 | $ 226.05 | | | |
| | | | | | | | | | | | |
| TOTAL DUE | | $ - | $ - | $ - | $482.40 | $6,271.23 | $3,329.95 | $10,083.58 | | | |

# Abateco
## Unreported Regular Hours
### For period 1/1/2002 - 12/31/2002
### Local: 338

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SHEPPARD, NATHAN 351785449 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.00 | 48.00 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.00 | 48.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $192.00 | $192.00 |
| WELFARE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $141.60 | $141.60 |
| RTRE WEL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $9.60 | $9.60 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $14.40 | $14.40 |
| ANNUITY | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $96.00 | $96.00 |
| SW LECET | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $19.20 | $19.20 |
| SW LPL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2.40 | $2.40 |
| SW CHECK OFF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7.20 | $7.20 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $482.40 | $482.40 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| WELFARE | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2.950 | 2.950 | 2.950 | 2.950 | 2.950 | |
| RTRE WEL | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| ANNUITY | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | |
| SW LECET | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| SW LPL | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| SW CHECK OFF | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | |

# Abateco
## Unreported Regular Hours
### For period 1/1/2003 - 12/31/2003
#### Local: 338

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HERRING, RICHARD 352442352 | 0.00 | 28.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 28.00 |
| JOSEPH CANADY 545828876 | 0.00 | 0.00 | 0.00 | 0.00 | 132.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 132.50 |
| MCBRIDE, TERRY 323508210 | 0.00 | 0.00 | 0.00 | 0.00 | 132.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 132.50 |
| MCCOLLUM, CHRIS 340628571 | 0.00 | 88.00 | 38.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 124.00 |
| MOLBY, DANIEL 358481166 | 0.00 | 0.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| RUSHTON, DAVID LEE 347526025 | 0.00 | 0.00 | 0.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 |
| SHEPPARD, NATHAN 351785449 | 87.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 87.00 |
| SHERFY, MILTON 356584758 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 |
| SVETLIK, THOMAS 336444289 | 56.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.00 |
| **Unreported Regular Hours** | 183.00 | 114.00 | 38.00 | 24.00 | 265.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 624.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $732.00 | $456.00 | $152.00 | $96.00 | $1,060.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,496.00 |
| WELFARE | $539.85 | $336.30 | $112.10 | $70.80 | $781.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,840.81 |
| RTRE WEL | $36.60 | $22.80 | $7.60 | $4.80 | $53.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $124.80 |
| TRAINING | $54.90 | $34.20 | $11.40 | $7.20 | $79.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $187.20 |
| ANNUITY | $366.00 | $228.00 | $76.00 | $48.00 | $530.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,248.00 |
| SW LECET | $73.20 | $45.60 | $15.20 | $9.60 | $106.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $249.60 |
| SW LPL | $9.15 | $5.70 | $1.90 | $1.20 | $13.26 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $31.21 |
| SW CHECK OFF | $27.45 | $17.10 | $5.70 | $3.60 | $39.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $93.61 |
| **Total Liability** | $1,839.15 | $1,145.70 | $381.90 | $241.20 | $2,663.28 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6,271.23 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| WELFARE | 2.950 | 2.950 | 2.950 | 2.950 | 2.950 | 2.950 | 2.950 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | |
| RTRE WEL | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.200 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| TRAINING | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| ANNUITY | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | |
| SW LECET | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| SW LPL | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| SW CHECK OFF | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | |

## Abateco
## Unreported Regular Hours
## For period 1/1/2004 - 12/31/2004
### Local: 338

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GROOM, STEVEN 319789139 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 40.00 |
| HUFF, THOMAS 345502473 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 145.50 | 96.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 241.50 |
| MARN, JASON 341649528 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.00 |
| Unreported Regular Hours | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 145.50 | 160.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 305.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $582.00 | $640.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,222.00 |
| WELFARE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $523.80 | $576.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,099.80 |
| RTRE WEL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $43.65 | $48.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $91.65 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $58.20 | $64.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $122.20 |
| ANNUITY | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $291.00 | $320.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $611.00 |
| SW LECET | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $58.20 | $64.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $122.20 |
| SW LPL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7.28 | $8.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $15.28 |
| SW CHECK OFF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $21.82 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $45.82 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,585.95 | $1,744.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,329.95 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| WELFARE | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | |
| RTRE WEL | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| TRAINING | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| ANNUITY | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | 2.000 | |
| SW LECET | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| SW LPL | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| SW CHECK OFF | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | |

| | | | | | 2002 | 2003 | 2004 | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| | Abateco | | | | | | | | |
| | SUMMARY OF AMOUNTS DUE - LOCAL 397 | | | | | | | | |
| | October 1, 2002 to December 31, 2004 | | | | | | | | |
| 1 | Pension ⌐. 397 | | | | $ 163.54 | | | $ 163.54 | |
| 2 | Welfare ⌐.397 | | | | 150.67 | | | $ 150.67 | |
| 3 | SI Welfare | | | | | | | $    - | |
| 4 | Annuity | | | | | | | $    - | |
| 5 | Training | | | | 11.03 | | | $   11.03 | |
| 6 | SW Lecet | | | | 14.70 | | | $   14.70 | |
| 7 | SW LPL | | | | 1.84 | | | $    1.84 | |
| 8 | SW Check Off | | | | 5.51 | | | $    5.51 | |
| | TOTAL DUE | $    - | $    - | $    - | $ 347.29 | $    - | $    - | $ 347.29 | |

# Abateco
## Unreported Regular Hours
### For period 1/1/2002 - 12/31/2002
#### Local: 397

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **MULLINS, JEREMY**<br>305949049 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 36.75 | 36.75 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 36.75 | 36.75 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $163.54 | $163.54 |
| WELFARE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $150.67 | $150.67 |
| TRAINING | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $11.03 | $11.03 |
| SW LECET | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $14.70 | $14.70 |
| SW LPL | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1.84 | $1.84 |
| SW CHECK OFF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5.51 | $5.51 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $347.29 | $347.29 |
| **Rates** | | | | | | | | | | | | | |
| PENSION L.397 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4.450 | 4.450 | 4.450 | 4.450 | 4.450 | |
| WELFARE L.397 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 4.100 | 4.100 | 4.100 | 4.100 | 4.100 | |
| TRAINING | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| SW LECET | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| SW LPL | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.050 | 0.050 | 0.050 | 0.050 | 0.050 | |
| SW CHECK OFF | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.150 | 0.150 | 0.150 | 0.150 | 0.150 | |

**E-FILED**
Friday, 23 December, 2005  11:44:43 AM
Clerk, U.S. District Court, ILCD

| | | | | | 2002 | 2003 | 2004 | TOTAL | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Abateco | |
| | | | | | | | | | | SUMMARY OF AMOUNTS DUE - LOCAL 477 | |
| | | | | | | | | | | October 1, 2002 to December 31, 2004 | |
| 1 | Pension | | | | | | | $ 52.00 | $ 52.00 | | |
| 2 | Welfare | | | | | | | 46.80 | $ 46.80 | | |
| 3 | SI Welfare | | | | | | | | $ - | | |
| 4 | Annuity | | | | | | | 6.50 | $ 6.50 | | |
| 5 | Training | | | | | | | 5.20 | $ 5.20 | | |
| 6 | SW Lecet | | | | | | | | $ - | | |
| 7 | SW LPL | | | | | | | | $ - | | |
| 8 | SW Check Off | | | | | | | | $ - | | |
| 9 | RTRE Welfare | | | | | | | 3.90 | $ 3.90 | | |
| 10 | CIBIAF | | | | | | | 1.56 | $ 1.56 | | |
| 11 | CI Lecet | | | | | | | 3.25 | $ 3.25 | | |
| 12 | CI MRFFC | | | | | | | 1.30 | $ 1.30 | | |
| 13 | SC Vacation | | | | | | | 7.80 | $ 7.80 | | |
| 14 | CI Check Off | | | | | | | 5.20 | $ 5.20 | | |
| 15 | CI Work Dues | | | | | | | | $ - | | |
| 16 | Working Dues | | | | | | | 10.08 | $ 10.08 | | |
| | TOTAL DUE | | $ - | $ - | $ - | $ - | $ - | $ 143.59 | $ 143.59 | | |

# Abateco
## Unreported Regular Hours
### For period 1/1/2004 - 12/31/2004
#### Local: 477

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **MCLAUGHLIN, AARON** 358789458 | 0.00 | 0.00 | 13.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.00 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 13.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $52.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $52.00 |
| WELFARE | $0.00 | $0.00 | $46.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $46.80 |
| RTRE WEL | $0.00 | $0.00 | $3.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.90 |
| TRAINING | $0.00 | $0.00 | $5.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5.20 |
| CIBIAF | $0.00 | $0.00 | $1.56 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1.56 |
| ANNUITY | $0.00 | $0.00 | $6.50 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $6.50 |
| CI LECET | $0.00 | $0.00 | $3.25 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3.25 |
| CI MRFFC | $0.00 | $0.00 | $1.30 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1.30 |
| SC VACATION | $0.00 | $0.00 | $7.80 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7.80 |
| CI CHECK OFF | $0.00 | $0.00 | $5.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5.20 |
| **Total Liability** | $0.00 | $0.00 | $133.51 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $133.51 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| WELFARE | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | |
| RTRE WEL | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| TRAINING | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| CIBIAF | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| ANNUITY | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | 0.500 | |
| CI LECET | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | |
| CI MRFFC | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| SC VACATION | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | |
| CI CHECK OFF | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |

# Abateco
## Unreported Gross Wages
### For period 1/1/2004 - 12/31/2004
### Local: 477

|  | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **MCLAUGHLIN, AARON** 358789458 | $0.00 | $0.00 | $288.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $288.00 |
| **Unreported Total Gross Wage** | $0.00 | $0.00 | $288.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $288.00 |
| **Amounts Due** | | | | | | | | | | | | | |
| Working Dues | $0.00 | $0.00 | $10.08 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10.08 |
| **Total Liability** | $0.00 | $0.00 | $10.08 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10.08 |
| **Rates** | | | | | | | | | | | | | |
| Working Dues | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | 3.50% | |

| | | | | | | 2002 | 2003 | 2004 | TOTAL | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Abateco | | | | | | | |
| | | SUMMARY OF AMOUNTS DUE - LOCAL 703 | | | | | | | | | |
| | | October 1, 2002 to December 31, 2004 | | | | | | | | | |
| 1 | Pension | | | | | | $ 5,019.00 | $2,649.13 | $ 7,668.13 | | |
| 2 | Welfare | | | | | | 4,483.95 | 2,343.90 | $ 6,827.85 | | |
| 3 | SI Welfare | | | | | | | | $    - | | |
| 4 | Annuity | | | | | | 1,317.49 | 250.95 | $ 1,568.44 | | |
| 5 | Training | | | | | | 496.79 | 1,224.35 | $ 1,721.14 | | |
| 6 | SW Lecet | | | | | | | | $    - | | |
| 7 | SW LPL | | | | | | | | $    - | | |
| 8 | SW Check Off | | | | | | | | $    - | | |
| 9 | RTRE Welfare | | | | | | 371.31 | 103.95 | $    475.26 | | |
| 10 | CIBIAF | | | | | | 150.57 | 67.38 | $    217.95 | | |
| 11 | CI Lecet | | | | | | 313.69 | 156.50 | $    470.19 | | |
| 12 | CI MRFFC | | | | | | 125.50 | 56.15 | $    181.65 | | |
| 13 | SC Vacation | | | | | | 752.85 | 336.90 | $ 1,089.75 | | |
| 14 | CI Check Off | | | | | | | | $    - | | |
| 15 | CI Work Dues | | | | | | 1,754.10 | 786.10 | $ 2,540.20 | | |
| 16 | Working Dues | | | | | | | | $    - | | |
| 17 | CI Legal | | | | | | 376.40 | 168.45 | $    544.85 | | |
| | | | | | | | | | | | |
| | TOTAL DUE | | $    - | $    - | $    - | $    - | $ 15,161.65 | $ 8,143.76 | $ 23,305.41 | | |

SUMAMOUNTS-large

## Abateco
### Unreported Regular Hours
### For period 1/1/2003 - 12/31/2003
### Local: 703

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HAFLEY, BRIAN E. 342721868 | 0.00 | 0.00 | 0.00 | 20.75 | 122.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 142.75 |
| HUNTER, DAVID W. 315663874 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 380.75 | 0.00 | 0.00 | 301.75 | 0.00 | 0.00 | 399.25 | 1081.75 |
| WALLS, CHARLES 341601579 | 0.00 | 0.00 | 0.00 | 30.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30.25 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 0.00 | 51.00 | 122.00 | 380.75 | 0.00 | 0.00 | 301.75 | 0.00 | 0.00 | 399.25 | 1254.75 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $0.00 | $204.00 | $488.00 | $1,523.00 | $0.00 | $0.00 | $1,207.00 | $0.00 | $0.00 | $1,597.00 | $5,019.00 |
| WELFARE | $0.00 | $0.00 | $0.00 | $150.45 | $439.20 | $1,370.70 | $0.00 | $0.00 | $1,086.30 | $0.00 | $0.00 | $1,437.30 | $4,483.95 |
| RTRE WEL | $0.00 | $0.00 | $0.00 | $10.20 | $36.60 | $114.22 | $0.00 | $0.00 | $90.52 | $0.00 | $0.00 | $119.77 | $371.31 |
| TRAINING | $0.00 | $0.00 | $0.00 | $15.29 | $48.80 | $152.30 | $0.00 | $0.00 | $120.70 | $0.00 | $0.00 | $159.70 | $496.79 |
| CIBIAF | $0.00 | $0.00 | $0.00 | $6.12 | $14.64 | $45.69 | $0.00 | $0.00 | $36.21 | $0.00 | $0.00 | $47.91 | $150.57 |
| ANNUITY | $0.00 | $0.00 | $0.00 | $53.55 | $128.10 | $399.79 | $0.00 | $0.00 | $316.84 | $0.00 | $0.00 | $419.21 | $1,317.49 |
| CI LECET | $0.00 | $0.00 | $0.00 | $12.75 | $30.50 | $95.19 | $0.00 | $0.00 | $75.44 | $0.00 | $0.00 | $99.81 | $313.69 |
| CI MRFFC | $0.00 | $0.00 | $0.00 | $5.11 | $12.20 | $38.08 | $0.00 | $0.00 | $30.18 | $0.00 | $0.00 | $39.93 | $125.50 |
| CI LEGAL | $0.00 | $0.00 | $0.00 | $15.29 | $36.60 | $114.22 | $0.00 | $0.00 | $90.52 | $0.00 | $0.00 | $119.77 | $376.40 |
| SC VACATION | $0.00 | $0.00 | $0.00 | $30.60 | $73.20 | $228.45 | $0.00 | $0.00 | $181.05 | $0.00 | $0.00 | $239.55 | $752.85 |
| CI WORK DUES | $0.00 | $0.00 | $0.00 | $68.85 | $170.80 | $533.05 | $0.00 | $0.00 | $422.45 | $0.00 | $0.00 | $558.95 | $1,754.10 |
| **Total Liability** | $0.00 | $0.00 | $0.00 | $572.21 | $1,478.64 | $4,614.69 | $0.00 | $0.00 | $3,657.21 | $0.00 | $0.00 | $4,838.90 | $15,161.65 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | 4.000 | |
| WELFARE | 2.950 | 2.950 | 2.950 | 2.950 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | 3.600 | |
| RTRE WEL | 0.200 | 0.200 | 0.200 | 0.200 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| TRAINING | 0.300 | 0.300 | 0.300 | 0.300 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | 0.400 | |
| CIBIAF | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| ANNUITY | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | 1.050 | |
| CI LECET | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | 0.250 | |
| CI MRFFC | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| CI LEGAL | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| SC VACATION | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | |
| CI WORK DUES | 1.350 | 1.350 | 1.350 | 1.350 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | |

# Abateco
## Unreported Regular Hours
### For period 1/1/2004 - 12/31/2004
#### Local: 703

| | January | February | March | April | May | June | July | August | September | October | November | December | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **HUNTER, DAVID W.** **315663874** | 0.00 | 0.00 | 239.00 | 0.00 | 0.00 | 242.50 | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 561.50 |
| **Unreported Regular Hours** | 0.00 | 0.00 | 239.00 | 0.00 | 0.00 | 242.50 | 80.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 561.50 |
| **Amounts Due** | | | | | | | | | | | | | |
| PENSION | $0.00 | $0.00 | $956.00 | $0.00 | $0.00 | $1,273.13 | $420.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,649.13 |
| WELFARE | $0.00 | $0.00 | $860.40 | $0.00 | $0.00 | $1,115.50 | $368.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,343.90 |
| RTRE WEL | $0.00 | $0.00 | $71.70 | $0.00 | $0.00 | $24.25 | $8.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $103.95 |
| TRAINING | $0.00 | $0.00 | $95.60 | $0.00 | $0.00 | $848.75 | $280.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,224.35 |
| CIBIAF | $0.00 | $0.00 | $28.68 | $0.00 | $0.00 | $29.10 | $9.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $67.38 |
| ANNUITY | $0.00 | $0.00 | $250.95 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $250.95 |
| CI LECET | $0.00 | $0.00 | $59.75 | $0.00 | $0.00 | $72.75 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $156.50 |
| CI MRFFC | $0.00 | $0.00 | $23.90 | $0.00 | $0.00 | $24.25 | $8.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $56.15 |
| CI LEGAL | $0.00 | $0.00 | $71.70 | $0.00 | $0.00 | $72.75 | $24.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $168.45 |
| SC VACATION | $0.00 | $0.00 | $143.40 | $0.00 | $0.00 | $145.50 | $48.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $336.90 |
| CI WORK DUES | $0.00 | $0.00 | $334.60 | $0.00 | $0.00 | $339.50 | $112.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $786.10 |
| **Total Liability** | $0.00 | $0.00 | $2,896.68 | $0.00 | $0.00 | $3,945.48 | $1,301.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,143.76 |
| **Rates** | | | | | | | | | | | | | |
| PENSION | 4.000 | 4.000 | 4.009 | 4.000 | 5.250 | 5.250 | 5.250 | 5.250 | 5.250 | 5.250 | 5.250 | 5.250 | |
| WELFARE | 3.600 | 3.600 | 3.600 | 3.600 | 4.600 | 4.600 | 4.600 | 4.600 | 4.600 | 4.600 | 4.600 | 4.600 | |
| RTRE WEL | 0.300 | 0.300 | 0.300 | 0.300 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| TRAINING | 0.400 | 0.400 | 0.400 | 0.400 | 3.500 | 3.500 | 3.500 | 3.500 | 3.500 | 3.500 | 3.500 | 3.500 | |
| CIBIAF | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | 0.120 | |
| ANNUITY | 1.050 | 1.050 | 1.050 | 1.050 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | 0.000 | |
| CI LECET | 0.250 | 0.250 | 0.250 | 0.250 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| CI MRFFC | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | 0.100 | |
| CI LEGAL | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | 0.300 | |
| SC VACATION | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | 0.600 | |
| CI WORK DUES | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | 1.400 | |

ABATECO

| YEARS | 2002 | 2003 | 2004 | TOTAL |
|---|---|---|---|---|
| Pension | $256.00 | $7,515.00 | $4,003.13 | $11,774.13 |
| LIQ. DAMAGES | $25.60 | $751.50 | $400.31 | $1,177.41 |
| Welfare/Rtre Wel | $151.20 | $6,820.87 | $3,690.00 | $10,662.07 |
| LIQ. DAMAGES | $15.12 | $682.09 | $369.00 | $1,066.21 |
| SI Welfare | $53.60 | $0.00 | $81.00 | $134.60 |
| LIQ. DAMAGES | $5.36 | $0.00 | $8.10 | $13.46 |
| Training | $30.23 | $683.99 | $1,359.75 | $2,073.97 |
| LIQ. DAMAGES | $3.02 | $68.40 | $135.98 | $207.40 |
| Annuity/CL/SI | $128.00 | $2,565.49 | $908.45 | $3,601.94 |
| LIQ. DAMAGES | $12.80 | $256.55 | $90.85 | $360.19 |
| SW/CI LECET | $40.30 | $563.29 | $289.95 | $893.54 |
| LIQ. DAMAGES | $4.03 | $56.33 | $29.00 | $89.35 |
| SW LPL | $5.04 | $31.21 | $16.28 | $52.53 |
| LIQ. DAMAGES | $0.50 | $3.12 | $1.63 | $5.25 |
| CIBIAF | $0.00 | $150.57 | $68.94 | $219.51 |
| LIQ. DAMAGES | $0.00 | $15.06 | $6.89 | $21.95 |
| CI MRFFC | $0.00 | $125.50 | $57.45 | $182.95 |
| LIQ. DAMAGES | $0.00 | $12.55 | $5.75 | $18.30 |
| CI LEGAL | $0.00 | $376.40 | $168.45 | $544.85 |
| LIQ. DAMAGES | $0.00 | $37.64 | $16.85 | $54.49 |
| SW/CI CHECK OFF | $15.11 | $93.61 | $54.02 | $162.74 |
| LIQ. DAMAGES | $1.51 | $9.36 | $5.40 | $16.27 |
| Working Dues | $0.00 | $1,754.10 | $796.18 | $2,550.28 |
| LIQ. DAMAGES | $0.00 | $175.41 | $79.62 | $255.03 |
| L. 397 Pension | $163.54 | $0.00 | $0.00 | $163.54 |
| LIQ. DAMAGES | $16.35 | $0.00 | $0.00 | $16.35 |
| L. 397 Welfare | $150.67 | $0.00 | $0.00 | $150.67 |
| LIQ. DAMAGES | $15.07 | $0.00 | $0.00 | $15.07 |
| SC Vacation | $0.00 | $752.85 | $344.70 | $1,097.55 |
| LIQ. DAMAGES | $0.00 | $75.29 | $34.47 | $109.76 |
| TOTALS | $99.37 | $2,143.29 | $1,183.83 | $3,426.49 |



# ROMOLO ASSOCIATES

Certified Public Accountants

2428 N. North • Peoria, IL 61604
E-mail: admin@romolocpa.com • Phone 309.682.2001 • Fax 309.682.2045

February 26, 2005

Central Laborers' Pension, Welfare
and Annuity Fund
P.O. Box 1267
Jacksonville, Illinois 62651

Inv. #3542

For professional services rendered
in connection with the fringe benefit
payroll compliance examination on behalf
of the Central Laborers' Pension, Welfare and Annuity Fund
on Abateco Inc.

| | |
|---|---:|
| Scheduling | $    45.00 |
| Field Work | 630.00 |
| Processing - Final | 100.00 |
| **TOTAL DUE** | $  775.00 |

PAYABLE UPON RECEIPT



CAVANAGH & O'HARA

Attorneys At Law

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

William K. Cavanagh

Michael W. O'Hara

Patrick J. O'Hara

James P. Moody

John T. Long

Of Counsel
Michael J. Masterson, P.C.

September 1, 2005

*Swansea Office*
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

Mr. Steve Moore
Abateco, Inc.
2743 S. Veterans Pkwy. #PMB 104
Springfield, IL 62704-6402

     **Re:    Central Laborers v. Abateco, Inc.**

Dear Mr. Moore:

    After review of the documents submitted in support of your assertion that no contributions are owed for David Hunter, the Fund Office has rejected such notion.

    Mr. Hunter has been a Participant with the Central Laborers' since 1974. Various employers have made contributions on a sporadic basis from that date through present. From June 2000 through September 2002 no contributions were received from any employers. Mr. Hunter's eligibility under the Central Laborers' Welfare Fund terminated in March 2001. Abateco began reporting on Mr. Hunter in October 2002. Abateco reported 511.50 hours for Mr. Hunter from October 2002 through December 2002. Mr. Hunter became eligible for benefits on February 1, 2003.

    The Funds eligibility rules require 250 hours of work during a quarterly period in order to maintain continued eligibility. For the quarter beginning October 1, 2003 (eligibility calculated on hours reported June, July and August), Abateco had reported 240 hours (80 X 3), thus Hunter was notified that he had lost eligibility. After Hunter was notified that he had been terminated, Abateco then submitted, (on November 17, 2003) a "corrected report" for August that increased Hunter hours to 96, for a total of 256 during the eligibility calculation period. Similarly, Abateco reported 240 hours during the September to November period for January 1, 2004 eligibility.

    It appears that your company has been reporting the minimum number of hours for Mr. Hunter to maintain eligibility. Such practice is prohibited. **Please remit a check in the amount of $38,466.36 within ten (10) days** or we will have no alternative but to file

**EXHIBIT**

tabbies

G

Page Two
Mr. Steve Moore

September 1, 2005

Complaint with the United States District Court against you to collect the audit liabilities as well as our client's attorney fees and costs.

Very truly yours,

James P. Moody

JPM:pjr

F:\files\CENTRAL\Abateco, Inc\L-acd.wpd

CAVANAGH & O'HARA
Attorneys At Law

William K. Cavanagh

Michael W. O'Hara

Patrick J. O'Hara

James P. Moody
⟶⟵

John T. Long
⟶⟵
Of Counsel
Michael J. Masterson, P.C.

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

Swansea Office
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

Chicago Office
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

August 3, 2005

Mr. Dan Koeppel
Central Laborers' Fringe Benefit Funds
Post Office Box 1267
Jacksonville, IL 62651

> Re:  **Central Laborers' Fringe Benefit Funds**
> **Payroll Compliance Audit**
> **October 1, 2002 through July 31, 2004**

Dear Mr. Koeppel:

Enclosed please find copies of various manuals provided by Steve Moore of Abateco, Inc., as challenges to the audit results. Mr. Moore has supplied these in support of his assertion that Mr. David Hunter was employed as a supervisor and should therefore be removed from the results. Please review this information and let us know your opinion on this issue.

Very truly yours,

James P. Moody

Enclosures
JPM/rd
F:\files\CENTRAL\Abateco, Inc\L-Koeppel.Challenges.wpd

# CAVANAGH & O'HARA
### Attorneys At Law

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

Daniel M. McLaughlin*
John T. Long
*Licensed in Missouri & Illinois

Of Counsel
Michael J. Masterson, P.C.

Swansea Office
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

Chicago Office
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

March 9, 2005

### ⟶ FIRST AND FINAL NOTICE

*Via Certified Mail*
Abateco, Inc.
**Attn:  Mr. Steve Moore**
2743 South Veterans Parkway, PMB
Springfield,    IL    62704-6402

> Re:    *Central Laborers Fringe Benefit Funds*
>        *Payroll Compliance Audit*
>        *October 1, 2002 through December 31, 2004*

Dear Mr. Moore:

As you may recall, this office serves as counsel to the Central Laborers Fringe Benefit Funds. As such, enclosed please find a breakdown of audit liabilities, liquidated damages and audit costs due. Also enclosed, please find a copy of the audit report with respect to same. As you will note, a total of $38,466.36 is due and owing from your company to the Funds.,

**Please remit a check made payable to the Central Laborers' Pension, Welfare and Annuity Funds in the amount of $38,466.36 *to this office* by Monday, March 21, 2005.** Failure to remit payment as indicated, or otherwise contact this office, will leave us no other alternative than to *immediately* file with the United States District Court our Complaint against you to collect the audit liabilities, as well as our client's attorney's fees and costs.

Should you have any questions, please do not hesitate to contact this office.

Very truly yours,

James P. Moody

Enclosures

cc:    Central Laborers Fringe Benefits Funds/Dan Koeppel
       Abateco, Inc., via regular mail

JPM/rd
F:\files\CENTRAL\Abateco, Inc\Letter.ALD.FFN.wpd

**E-FILED**
Friday, 23 December, 2005 11:45:27 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION FUND, CENTRAL )
LABORERS' WELFARE FUND, CENTRAL )
LABORERS' ANNUITY FUND, ILLINOIS LABORERS')
AND CONTRACTORS' TRAINING TRUST FUND, )
SOUTHERN ILLINOIS CONSTRUCTION )
ADVANCEMENT PROGRAM, MIDWEST REGION )
FOUNDATION FOR FAIR CONTRACTING, CENTRAL)
ILLINOIS BUILDERS INDUSTRY ADVANCEMENT )
FUND, LABORERS'–EMPLOYERS' COOPERATION )
AND EDUCATION TRUST ("LECET"), LABORERS' )
POLITICAL LEAGUE, LABORERS' OF ILLINOIS )
VACATION FUND, and LABORERS' LOCAL 397, )
                                         )
                 Plaintiffs,             )
                                         )
vs.                                      )  No.
                                         )
ABATECO, INC.,                           )
                                         )
                 Defendant.              )

## AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, BRITT W. SOWLE, having first been duly sworn on oath, state that the following

itemization accurately represents the time and costs expended by me in this cause:

| DATE | DESCRIPTION | TIME |
|------|-------------|------|
| 08/10/04 | Review correspondence received from Dan Koeppel of Fund Office with regard to Liquidated Damages, report form shortages and audit; Preparation of first and final demand letter regarding payment of delinquencies and compliance with audit, via certified and regular mail. | 0.60 |
| 08/19/04 | Review file; Telephone conference with Michelle Shadid of Romolo and Associates; Discussion regarding employer's history of non-compliance with audit; Research corporate information; Begin preparation of Complaint for payroll compliance audit and known delinquencies due; Begin preparation of Affidavit in Support of Attorney's Fees. | 1.00 |

1


EXHIBIT
H

| 8/24/04 | Received and reviewed letter from Michelle Shadid regarding Abateco, Inc. audit | .20 |
| 8/25/04 | Conference with Steve Moore of Abateco to discuss the audit; payment of delinquency | .30 |
| 8/25/04 | Conference with Michelle Shadid at Romolo & Associates regarding scheduling of Abateco payroll audit | .20 |
| 8/27/04 | Received and reviewed correspondence from Romolo & Associates regarding payroll compliance audit scheduled for September 27, 2004 | .30 |
| 9/1/04 | Received and reviewed letter from Romolo & Associates regarding new date for payroll compliance audit | .20 |
| 10/12/04 | Review file; Telephone conference with Romolo & Associates regarding audit; all records received; Update status report | .20 |
| 03/09/05 | Received and reviewed breakdown of amounts due with copy of Payroll compliance audit from Fund Office; Letter to employer, via certified and regular mail, demanding payment of same; Update Status Report | .50 |
| 3/21/05 | Received and reviewed letter from Steve Moore, Abateco, Inc., Letter to Steve Moore | .70 |
| 04/12/05 | Review file; Update status report with regard to forthcoming challenges from employer | .20 |
| 04/26/05 | Review file; Transmittal of correspondence to Steve Moore stating challenges due immediately or suit will be filed | .35 |
| 04/29/05 | Received and reviewed correspondence from Steve Moore regarding documentation and challenges forthcoming | .20 |
| 05/09/05 | Received and reviewed letter from Steve Moore, Abateco, Inc., with $10,000.00 payment; review of file and audit report for amount due; Letter to Fund Office | .50 |
| 06/20/05 | Review file with regard to reports submitted and challenges; Left message for Steve Moore with regard to any other challenges | .20 |
| 06/23/05 | Letter to Larry Williams of Romolo & Associates enclosing Correspondence received from employer regarding challenges to audit results. | .30 |

2

| | | |
|---|---|---:|
| 07/14/05 | Telephone Conference with Larry Williams of Romolo & Associates regarding challenges submitted by employer; Discussion regarding David Hunter having hours reported as a laborer prior to supervisor status | .25 |
| 07/14/05 | Telephone conference with Woody of Local 159 regarding q Employees reported on; Discussion regarding Hunter as non-member; Left message at Local 338 regarding employer and Hunter's employment status; Left message for Steve Moore of employer requesting any other information showing Hunter as a Supervisor | .50 |
| 07/21/05 | Left message for Local 338 regarding David Hunter's Supervisor status | .10 |
| 08/03/05 | Received and reviewed correspondence from Larry Williams of Romolo & Associates regarding need for Fund to determine validity of challenges; Letter to Dan Koeppel of Fund Office enclosing challenges for review and consideration | .40 |
| 08/09/05 | Received and reviewed correspondence from Dan Koeppel of Fund Office regarding audit challenges received from employer with enclosed reporting history | .15 |
| 09/20/05 | Review file; Prepare Complaint, Prepare Summons, Civil Cover Sheet, Certificate of Interest, Affidavit of Attorney Fees | 2.00 |
| 09/30/05 | Revise Complaint and Affidavit of Attorney Fees | .50 |
| 10/18/05 | Finalize Complaint, Affidavit in Support of Attorney Fees, Preparation of Exhibits. Forward same to U.S. District Court for opening of new case. | 1.00 |
| | TOTAL HOURS 10.85 x $175.00 PER HOUR | $1,898.75 |
| 10/18/05 | U.S. District Court – filing fee | $250.00 |
| 10/18/05 | Sangamon County Sheriff – service fee | $ 19.00 |
| | **TOTAL COSTS AND FEES** | **$ 2,167.75** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

3

BRITT W. SOWLE
**CAVANAGH & O'HARA**
**Attorneys for Plaintiffs**
1609 North Illinois Street
Swansea, Illinois 62226
Telephone:     618/222-5945
Facsimile:     618/222-6755
britt@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this ____ day of December, 2005.

Notary Public

S:\c&o\Files\CLPF\Delinq\Abateco, Inc\A-Abateco.AUD.DEL.FEE.wpd

4