**E-FILED**
Friday, 10 February, 2006  08:39:23 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, Illinois Laborer's and Con-tractors' Training Trust Fund, Southern Illinois Construction Advancement Program, Midwest Region Foundation for Fair Con-tracting, Central Illinois Builders Industry Advancement Fund, Laborers'-Employers' Cooperation and Education Trust ("LECET") Laborers' Political League, Laborers' of Illinois Vacation Fund, and Laborers' Local 397, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 05-cv-03311 |
| Abateco, Inc., | ) ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT

NOW COMES the Defendant, Abateco, Inc., by its attorneys, Loewenstein, Hagen & Smith, P.C. and for its Answer to Complaint states as follows:

1.     The Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.     The Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 2 of the Complaint, and therefore neither admit nor deny said allegations, but demand strict proof of the same.

3.     The Defendant admits that it employs individuals who are members of and represented by the Central Illinois Laborers District Council and that said individuals are participants in the Plaintiff's benefit funds pursuant to agreements by and between the Central Laborers' Funds and the Defendant, as indicated in Exhibit A attached to the Complaint.  The Defendant denies each and every other allegation contained in paragraph 3 of the Complaint.

4.     The Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.     The Defendant lacks sufficient information to respond to paragraph 5 of the Complaint and therefore neither admits nor denies said allegations, but demands strict proof of the same.

6.     The Defendant lacks sufficient information to respond to paragraph 6 of the Complaint and therefore neither admits nor denies said allegations, but demands strict proof of the same.

7.     The Defendant admits that the Plaintiffs engaged Romolo and Associations to examine the payroll records of the Defendant.  The Defendant lacks sufficient information to answer whether said request was made pursuant to the agreements and declarations of trusts and therefore neither admits nor denies said allegation, but demands strict proof of the same.

8.     The Complaint does not contain any paragraph 8 and therefore no response is made.

9.    The Defendant admits that Romolo and Associates determined that the Defendant owed the Plaintiffs amounts specified in the audit report attached to the Complaint, and further admits that a payment in the amount of $10,000.00 was made by the Defendant and received by the Plaintiffs.  The Defendant denies that it owes $28,466.36 or any other amount to the Plaintiffs.  In further answer, the Defendant lacks sufficient information to know whether the determinations made by Romolo and Associates, as to the amounts the Defendant allegedly owes to the Plaintiffs, was made pursuant to agreements and declarations of trust, and therefore neither admits nor denies said allegations, but demands strict proof of the same.

10.    The Defendant admits the allegations contained in paragraph 10 of the Complaint.

11.    The Defendant denies that, pursuant to 28 U.S.C. §1132(g)(2), and the agreements and declarations of trust, that it is liable for attorney fees, costs, court fees and audit fees incurred in any collection process.  The Defendant admits that Exhibit H is attached to the Complaint and is an Affidavit of Britt W. Sowle.  The Defendant lacks sufficient information to determine whether the contents of Exhibit H are accurate and therefore neither admits nor denies said allegation, but demands strict proof of the same.

WHEREFORE, the Defendant, Abateco, Inc. prays that the Complaint be dismissed with prejudice, and that costs be assigned to the Plaintiffs.

LOEWENSTEIN, HAGEN & SMITH, P.C.

s/Ralph H. Loewenstein

CERTIFICATE OF SERVICE

I certify that on the __10th__ day of __February__, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Britt W. Sowle, Cavanagh & O'Hara

s/Ralph H. Loewenstein

Ralph H. Loewenstein
LOEWENSTEIN, HAGEN & SMITH, P.C.
1204 S. Fourth Street
Springfield, IL 62703
(217) 525-1199
Fax: (217) 522-6047
E-Mail: rhl@lhoslaw.com