**E-FILED**
Monday, 28 August, 2006  04:41:36 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS - SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, Illinois Laborer's and Contractors' Training Trust Fund, Southern Illinois Construction Advancement Program, Midwest Region Foundation for Fair Contracting, Central Illinois Builders Industry Advancement Fund, Laborers'-Employers' Cooperation and Education Trust ("LECET") Laborers' Political League, Laborers' of Illinois Vacation Fund, and Laborers' Local 397, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 05-cv-03311 |
| Abateco, Inc., | ) ) ) | |
| Defendant. | ) ) | |
| Abateco, Inc., | ) ) | |
| Defendant-Counter Plaintiff, | ) ) | |
| v. | ) ) ) | |
| Central Laborers' Pension Fund, Central Laborers' Welfare Fund, Central Laborers' Annuity Fund, Illinois Laborer's and Contractors' Training Trust Fund, Southern Illinois Construction Advancement Program, Midwest Region Foundation for Fair Contracting, Central Illinois Builders Industry Advancement Fund, Laborers'-Employers' Cooperation and Education Trust ("LECET") Laborers' Political League, Laborers' of Illinois Vacation Fund, and Laborers' Local 397, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs Counter-Defendants. | ) | |

## MOTION TO COMPEL

NOW COMES the Defendant, Abateco, Inc., by its attorneys, Loewenstein, Hagen & Smith, P.C., and pursuant to Federal Rules of Civil Procedure 37, files a Motion to Compel, and in support thereof, states as follows:

1.     That on or about June 30, 2006, the Defendant filed Interrogatories and Request for Production of Documents upon the attorney for the Plaintiff in the above-entitled matter, copies of which are attached hereto as Exhibits A and B.

2.     That on or about August 8, 2006, counsel for the Defendant received partially completed response to Interrogatories in the above-entitled matter.

3.     That on or about August 15, 2006, counsel for the Defendant sent correspondence to counsel for the Plaintiff requesting the response to Request for Production of Documents.  A copy of said correspondence is attached hereto and made a part hereof as Exhibit C.

4.     That subsequent to August 15, 2006, counsel for the Plaintiff provided an incomplete response to Request for Production of Documents.

5.     That on August 18, 2006, counsel for the Defendant forwarded correspondence, once again request complete answers to Interrogatories and response to Request for Production of Documents.  A copy of said correspondence is attached hereto and made a part hereof as Exhibit D.

6.      That on August 24, 2006, counsel for the Defendant had a conversation with counsel for the Plaintiff, and was informed that he still did not have the documents in response to Request for Production of Documents.

7.      That a discovery cutoff was established by the Court of August 30, 2006.

8.      That the parties have informally agreed to extend the discovery cutoff; however, in order to complete discovery, counsel for the Defendant needs a response to the written discovery.

9.      That it is difficult or impossible for the Defendant to properly defend its lawsuit without compliance with its written discovery requests.

10.     That failure to respond to the written discovery requests in a timely fashion makes it unlikely that the parties will be able to meet the cutoff deadlines previously ordered by the Court.

11.     That the Defendant has been forced to incur needless attorney fees and costs in pursuing compliance with its written discovery requests.

WHEREFORE, the Defendant prays that an Order be entered as follows:

A.      That the Plaintiff be forthwith compelled to provide signed and complete Answers to Interrogatories and complete response to Request for Production of Documents.

B.      That the Plaintiff be required to pay attorney fees and costs incurred by the Defendant in procuring compliance with the written discovery requests.

C.     That the Court consider modifying the cutoff deadlines and postponing the trial date in the above-entitled matter.

D.     That the Court enter such further orders as it might deem just and equitable.

s/Ralph H. Loewenstein

## CERTIFICATE OF SERVICE

I certify that on the 26th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Britt W. Sowle, Cavanagh & O'Hara.

s/Ralph H. Loewenstein

Ralph H. Loewenstein #1682970
Loewenstein, Hagen & Smith, P.C.
1204 South Fourth Street
Springfield, IL   62703
217/525-1199

**E-FILED**
Monday, 28 August, 2006  04:45:43 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS - SPRINGFIELD DIVISION

Central Laborers' Pension Fund, Central )
Laborers' Welfare Fund, Central Laborers' )
Annuity Fund, Illinois Laborer's and Con- )
tractors' Training Trust Fund, Southern )
Illinois Construction Advancement Program, )
Midwest Region Foundation for Fair Con- )
tracting, Central Illinois Builders Industry )
Advancement Fund, Laborers'-Employers' )
Cooperation and Education Trust ("LECET") )
Laborers' Political League, Laborers' of )
Illinois Vacation Fund, and Laborers' Local )
397, )
                                                   )
                    Plaintiffs, )
                                                   )
v.                                                  )     No.: 05-cv-03311
                                                   )
Abateco, Inc.,                                )
                                                   )
                  Defendants. )

## INTERROGATORIES

NOW COMES the Defendant, Abateco, Inc. by its attorneys, Loewenstein, Hagen & Smith, P.C. and pursuant to Federal Rules of Civil Procedure 33, requests answers to the following interrogatories within 30 days:

1.      State the name, address, phone number and title of each and every person providing information used in answering these interrogatories.

Answer:



2.      State with particularity the basis for the claim on behalf of the Plaintiffs that the Defendant is required to make contributions to the Plaintiff on behalf of its employees, and identify each and every document relied upon by the Plaintiffs in making said assertion.

Answer:

3.      State with particularity each and every basis upon which the Plaintiffs' claim that David Hunter has not been acting in the capacity of a supervisor for the Defendant between the dates of October 1, 2002 and the present, and identify each and every witness and/or document upon which the Plaintiff is relying upon for said assertion.

Answer:

4.    State with particularity the basis upon which the Plaintiffs are asserting that the Defendant is obligated to make contributions to the Plaintiffs on behalf of David Hunter between the dates of October 1, 2002 and the present, and identify each and every document and witness upon which the Plaintiffs are relying for said assertion.

Answer:

5.    With respect to each and every audit, including but not limited to Romolo & Associates and any internal auditors or accountants employed by the Plaintiffs, conducted on behalf of the Plaintiffs on the Defendant between the dates of October 1, 2002 and the present, state the following:

        A.    The name and address of the principal auditor performing said audit.

        B.    The date upon which the audit was performed.

        C.    A complete list of each and every document provided by the Plaintiffs to said auditors.

        D.    The conclusions of the auditors, including but not limited to the basis upon which the auditors reached said conclusions.

Answer:

6.      State with particularity the basis upon which the Plaintiff is asserting that

the Defendant failed to report hours and make contributions on behalf of the following

employees between the dates of October 1, 2002 and the present:

| | |
|---|---|
| David Hunter | Thomas Svelik |
| Ethan Sheppard | Jeremy Mullins |
| Brian Hafley | Charles Wahls |
| Richard Herring | Chris McCollum |
| Joseph Canady | Terry McBride |
| David Lee Rushton | Daniel Molloy |
| Aaron McLaughlin | |

Answer:

7.    With respect to any and all claims for liquidated damages by the

Plaintiffs against the Defendant, state the following:

    A.    The date or dates during which the Plaintiffs are claiming liquidated damages.

    B.    The date or dates and method by which the Plaintiffs advised the Defendant that it owed liquidated damages.

    C.    A list of any and all liquidated damage payments made by the Defendant to the Plaintiffs between the dates of October 1, 2002 and the present, including the date of said payment, the method of said payment including any check number, and the amount of said payment

8.    With respect to each and every person having knowledge of the events

and/or claims for damages by the Plaintiffs against the Defendant, state the following:

    A.    The name, address and phone number of said person

    B.    A complete statement of any and all information that said persons may have

LOEWENSTEIN, HAGEN & SMITH, P.C.

_____
Ralph H. Loewenstein

Ralph H. Loewenstein
Loewenstein, Hagen & Smith, P.C.
1204 S. Fourth Street
Springfield, IL 62703
(217) 525-1199
Fax: (217) 522-6047
E-Mail: rhl@lhoslaw.com

## IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS - SPRINGFIELD DIVISION

Central Laborers' Pension Fund, Central
Laborers' Welfare Fund, Central Laborers'
Annuity Fund, Illinois Laborer's and Con-
tractors' Training Trust Fund, Southern
Illinois Construction Advancement Program,
Midwest Region Foundation for Fair Con-
tracting, Central Illinois Builders Industry
Advancement Fund, Laborers'-Employers'
Cooperation and Education Trust ("LECET")
Laborers' Political League, Laborers' of
Illinois Vacation Fund, and Laborers' Local
397,

             Plaintiffs,

v.

Abateco, Inc.,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)     No.: 05-cv-03311
)
)
)
)
)

### REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendant, Abateco, Inc. by its attorneys, Loewenstein,

Hagen & Smith, P.C. and pursuant to Federal Rules of Civil Procedure 34, requests

production of the following documents within 30 days:

1.     Copies of any and all agreements, contracts and memorandums of

understanding between the Plaintiffs and the Defendant, Abateco, Inc. which form a

basis for the Plaintiff's claim that the Defendant is required to make contributions to

the Plaintiffs on behalf of its employees.


EXHIBIT
B.

2.      Copies of any and all fund agreements and declarations of trust of the Plaintiff upon which it bases its claim that the Defendant is required to make contributions on behalf of its employees to the Plaintiffs.

3.      Copies of any and all correspondence, memoranda and electronic transmissions between the Plaintiffs or any of its representatives, agents, attorneys, or employees and  the Defendant, its representatives, employees, agents or attorneys between the dates of October 1, 2002 and the present.

4.      Copies of any and all monthly reports of payments made by the Defendant to its employees provided by the Defendant to the Plaintiffs between the dates of October 1, 2002 and the present.

5.      Copies of any and all evidence of payment, including but not limited to, checks and/or electronic transmission of funds paid by the Defendant to the Plaintiffs between the dates of October 1, 2002 and the present.

6.      Copies of any and all reports, memoranda, writings or electronic documentation showing contributions made by the Defendant to the Plaintiffs on behalf of the following persons between the dates of October 1, 2002 and the present:

| | |
|---|---|
| David Hunter | Thomas Svelik |
| Ethan Sheppard | Jeremy Mullins |
| Brian Hafley | Charles Wahls |
| Richard Herring | Chris McCollum |
| Joseph Canady | Terry McBride |
| David Lee Rushton | Daniel Molloy |
| Aaron McLaughlin | |

7.      Copies of any and all correspondence, billings memoranda or electronic transmissions provided by the Plaintiffs to the Defendant with regard to liquidated damages between the dates of October 1, 2002 and the present.

8.      Copies of any and all evidence of payments, including but not limited to checks and/or electronic transmissions of funds provided by the Defendant to the Plaintiffs for payment of any "liquidated damages" between the dates of October 1, 2002 and the present.

9.      Copies of any and all documents supporting the claim by the Plaintiffs that David Hunter worked for the Defendant, Abateco, Inc. the following hours during the following periods of time:

        380.75 hours during June 2003
        301.75 hours during September 2003
        399.25 hours during December 2003
        239.00 hours during March 2004 and/or
        244.50 hours during June 2004

10.     Copies of any and all audits performed by the Plaintiff on the Defendant, including any audits performed by Romolo & Associates, or any internal auditors or accountants employed by the Plaintiffs between the dates of October 1, 2002 and the present.

11.     Copies of any and all documents provided by the Plaintiffs to any auditors or accountants employed by it, including but not limited to, Romolo & Associates or any internal auditors or accountants employed by the Plaintiffs, which

were used by the auditors in the preparation of any audits conducted on the Defendant

between the dates of October 1, 2002 and the present.

12.     Copies of any and all documents relied upon by the Plaintiffs in its

assertion that the Defendants owe liquidated damages to the Plaintiffs.

13.     Copies of any and all documents relied upon by the Plaintiffs for its

claim that the Defendant owes its "audit costs", including but not limited to all

documents substantiating the basis upon which the "audit costs" are calculated.

14.     Copies of any and all documents supporting the claim by the Plaintiffs

that the Defendant owes it "attorney fees and costs", including but not limited to any

and all documents supporting the amount of said "attorney fees".

15.     Copies of any and all expert reports prepared by the Plaintiffs with

regard to any claims it might have against the Defendant.

16.     An affidavit asserting that the Answers to Request for Production of

Documents are complete, or if incomplete, the manner in which they are incomplete.

LOEWENSTEIN, HAGEN & SMITH, P.C.

_____
Ralph H. Loewenstein

Ralph H. Loewenstein
Loewenstein, Hagen & Smith, P.C.
1204 S. Fourth Street
Springfield, IL 62703
(217) 525-1199
Fax: (217) 522-6047
E-Mail: rhl@lhoslaw.com

# LOEWENSTEIN, HAGEN & SMITH, P.C.
### ATTORNEYS AT LAW

1204 SOUTH FOURTH STREET
SPRINGFIELD, ILLINOIS
62703-2229

RALPH H. LOEWENSTEIN
HENRY C. HAGEN
GARY L. SMITH

August 15, 2006

TELEPHONE: (217) 525-1199
FACSIMILE: (217) 522-6047

### VIA FACSIMILE AND REGULAR MAIL

Mr. Britt Sowle
Cavanagh & O'Hara
1609 North Illinois Street
Swansea, IL 62226

Re:    Central Laborers' Pension Fund, et al. v. Abateco, Inc.
Case #05-03311

Dear Mr. Sowle:

On June 30, 2006, I forwarded to you Interrogatories and a Request for Production of Documents in the above-entitled matter. You and I have had a number of phone conversations since that time with regard to providing a response to our discovery requests. In a letter dated August 8, 2006, I received your Response to Interrogatories. However, to date I have not received a response to our Request for Production of Documents. Please consider this to be a demand for compliance with our discovery requests. If this is not received on or before August 21, 2006, I will have no choice but to file a Motion to Compel. Your prompt response is appreciated.

Very truly yours,

LOEWENSTEIN, HAGEN & SMITH, P.C.

Ralph H. Loewenstein

RHL/las

CC:   Steve Moore

**EXHIBIT**
C

LOEWENSTEIN, HAGEN & SMITH, P.C.

ATTORNEYS AT LAW

1204 SOUTH FOURTH STREET
SPRINGFIELD, ILLINOIS
62703-2229

RALPH H. LOEWENSTEIN
HENRY C. HAGEN
GARY L. SMITH

August 18, 2006

TELEPHONE: (217) 525-1199
FACSIMILE: (217) 522-6047

VIA FACSIMILE AND REGULAR MAIL

Mr. Britt Sowle
Cavanagh & O'Hara
1609 North Illinois Street
Swansea, IL 62226

      Re:    Central Laborers' Pension Fund, et al. v. Abateco, Inc.
              Case #05-03311

Dear Mr. Sowle:

I am in receipt of your Answers to Interrogatories submitted on behalf of my client, as well as your Response to our Request for Production of Documents. As you are aware, discovery responses were due in late July. However, the Answers to Interrogatories were not mailed from your office until August 8, 2006, and the Response to the Request for Production of Documents was not mailed until August 15, 2006. In addition, the responses to our discovery requests are substantially incomplete in the following respects:

Answers to Interrogatories:

1. Interrogatory answers 2, 3, 4 and 5D – it would appear that the answers to these Interrogatories rely upon, in substantial part, the audit work papers. The answers indicated that these work papers will be provided with the Response to Request for Production of Documents. However, as you are well aware, they were not included in your Response to Request for Production of Documents.

2. 5C – no answer was provided with respect to this Interrogatory. This is extremely important since it would appear to me that your client failed to provide to the auditor the reports submitted by my client, as well as the payment history given the fact that we have been able to provide documentation showing that the "unreported hours" were actually both reported and paid for by my client.

3. 7A – the answer given to this Interrogatory is inadequate in that the audit report does not list the specific dates that are in question with regard to liquidated damages. The same is true with regard to 7B. In the event that your client is claiming that notices other than that contained in the audit were sent to my client.

EXHIBIT

D.

Mr. Britt Sowle
Page 2
August 18, 2006

     4.    7C – no answer was provided with respect to this Interrogatory.  I have reason to believe that my client has, in fact, paid "liquidated damages" to your client.  I also believe that some of these payments may not have actually been owed given the fact that it would appear that he both reported and paid contributions on behalf of his employees.

<u>Response to Request for Production of Documents</u>:

     1.    3 – in this request I have requested copies of correspondence, etc., between your client or its representatives and my client.  You have claimed an attorney/client privilege or work product privilege with respect to this request.  Obviously, there is no attorney/client privilege with respect to correspondence, etc., between the respective parties since there was neither an attorney/client relationship nor any other relationship that would qualify for this privilege.

     2.    4, 5, 6, 7, 8 and 9 – you have indicated that these documents will be provided within 7 to 14 days.  Once again, I would remind you that the discovery requests are substantially overdue at the present time.  We have agreed to the extension of the discovery cutoff until September 9, 2006.  However, I need to have these documents no later than August 24, 2006, in order to complete my discovery, including the deposition of Mr. Williams.

     3.    11 – this request asked for documents provided by your client to your auditors and which were used by them in preparation for the audit of my client.  You claimed an attorney/client privilege or work product privilege.  There would be no attorney/client relationship existing between your client and the auditor with respect to these matters.  I am also unaware of any work product doctrine that would provide a privilege.  Obviously, these documents are necessary in order to determine the adequacy of the audit and perhaps to establish bad faith on the part of the auditor and the Plaintiff in its assertions against my client.

     4.    12 – this request asked for documents relied upon by your client in its assertion that my client owes liquidated damages.  You referred to the participation agreements and trust agreements as your response.  However, this does not address the issue of the claims for liquidated damages against my client nor does it identify the particular months or basis for computation of these liquidated damages.

Mr. Britt Sowle
Page 3
August 18, 2006

You should consider this to be a demand for immediate and full compliance with our discovery requests as outlined above. I will need to have all of these documents on or before August 24, 2006, including any additional documentation as a result of the agreed upon reaudit of my client. Failure to provide these documents by that date will result in my filing a Motion to Compel with the Federal District Court and asking for attorneys' fees and costs.

Very truly yours,

LOEWENSTEIN, HAGEN & SMITH, P.C.

Ralph H. Loewenstein

RHL/las

CC:    Steve Moore